## Angelucci, etc., v. Hotel and Restaurant Employees & Bartenders International Union et al.

*Cobau & Berry*, for plaintiff.

*Kieler & Lipsitz*, for defendants.

LAMOREE, J., December 30, 1949.—On August 1, 1949, plaintiff filed a bill in equity seeking to restrain defendants from picketing his place of business. An injunction bond was filed on the same date and the court issued a preliminary injunction decree on August 1, 1949, and set August 3, 1949, as the date for hearing thereon. The matter came on for hearing at the time set, with the parties and their counsel all present. From the testimony adduced at the hearing the court makes the following

### Findings of Fact

1. Guy Angelucci is an individual trading and doing business as the Hotel New Penn, situate at 20 South Mercer Street, New Castle, Lawrence County, Pa.

The nature of the business is that of a hotel, restaurant and bar.

2. Defendants, Hotel and Restaurant Employees and Bartenders International Union of America Federation of Labor, is a union consisting of bartenders and waitresses, having a local office at 302½ East Washington Street, New Castle, Lawrence County, Pa.

3. Defendant, Mike Sacco, is an agent and representative of the Hotel and Restaurant Employees and Bartenders International Union, whose residence is presently in New Castle, Lawrence County, Pa.

4. Blanche White is a resident of the City of New Castle, Lawrence County, Pa., and is a member of the Hotel and Restaurant Employees and Bartenders International Union.

5. Plaintiff employs four waitresses, five persons in the kitchen, and two bartenders, none of whom are members of defendant union.

6. Defendant union does not represent any of plaintiff's employes.

7. In the latter part of May 1949 defendant union, through its agent and representative, Mike Sacco, requested plaintiff to enter into a contract with defendant union.

8. Plaintiff declined to enter into a contract with defendant union.

9. Plaintiff accorded defendant union, through its agent and representative, Mike Sacco, the opportunity to meet with his employes for the purpose of soliciting them to join defendant union.

10. On July 14, 1949, plaintiff arranged a meeting in his place of business for the purpose of permitting Mike Sacco to solicit plaintiff's employes to join defendant union. After the meeting attended by plaintiff's employes and Mike Sacco and a Joseph Cicardini, an international representative of defendant union, plaintiff's employes refused to join defendant union.

11. Several other meetings were arranged for between Mike Sacco and plaintiff's employes by plaintiff but Mike Sacco did not appear at the times set and no meetings were held.

12. On or about July 31, 1949, defendant, Mike Sacco, informed plaintiff he would cause plaintiff's place of business to be picketed unless he would sign the union contract.

13. On August 1, 1949, defendant union, through its agent and representative, Mike Sacco, and through its international representative, Joseph Cicardini, caused the establishment of pickets in front of and adjacent to plaintiff's place of business.

14. The pickets designated by Mike Sacco while picketing and patrolling the sidewalk along plaintiff's place of business carried and displayed placards bearing the following printed inscription: "New Penn Does Not Employ Union Hotel and Restaurant Employees and Bartenders Local 785. Endorsed by Central Labor Unions."

15. None of the persons engaged in picketing were employes of plaintiff.

16. As a result of the picketing the orderly conduct of plaintiff's business was interfered with and interrupted, in that merchandise would not be delivered to plaintiff's place of business because unionized drivers would not cross the picket line.

17. There was no violence or disorder in the manner of picketing.

## Discussion

The question here is whether defendants were picketing plaintiff's place of business in violation of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, and its supplements. Section 5 of that act protects employes in their right not to join a union. Section 6 of the same act made it an unfair labor practice for any employer to interfere with, restrain or

coerce employes in the exercise of the rights guaranteed by the act.

In the present case there is no controversy or dispute whatsoever as between plaintiff and his employes and none of the employes are members of defendant union.

Had plaintiff signed the contract with the union as requested by defendant, Sacco, he would have been obliged to hire only union members as employes. This is readily apparent after reading the contract and more obvious after examining the testimony of Sacco on cross-examination, the pertinent portion of which read as follows:

"Q. Doesn't this contract provide that if Mr. Angelucci signs the contract he agrees to retain in his employ only union employes?

"A. That is where I come in, I would be able to talk to them.

"Q. Isn't that what the contract provides?

"A. Yes.

"Q. And isn't it a fact that if he signed the contract and his employes were not at that time union members they would have to obtain from the union within 48 hours a permit to work?

"A. Well, we could arrange that.

"Q. Well, isn't that what the contract provides?

"A. That is what the contract says, yes.

"Q. And isn't it a fact that within four weeks from that time these employes of Mr. Angelucci would have had to join the union or lose their jobs?

"A. We was going to make a union house out of it.

"Q. Isn't that what the contract provides?

"A. According to the contract, yes sir.

"Q. Then eventually Mr. Sacco, eventually whether it would be a week or four weeks, these members on the staff or in the employ of Mr. Angelucci would have

had to join the union or lose their jobs under the terms of this contract, wouldn't they?

"A. Not necessarily.

"Q. Well, isn't that what the contract provides?

"A. Well, I mean we could still talk to them."

The testimony clearly shows that defendant union acting through Mr. Sacco and Mr. Cicardini was afforded a fair opportunity to organize plaintiff's employes and induce them to join the union. Defendants' contention that no fair opportunity was afforded them to organize the employes by reason of the fact that plaintiff or his manager was present at the meeting when defendant's agents sought to organize them is not supported by the evidence. Defendants' further contention that employes were dominated by plaintiff is without basis of fact for the testimony is to the contrary.

Defendants in their answer deny that they were engaged in picketing plaintiff's premises but explain their conduct and actions as merely advertising the fact that plaintiff's establishment employed nonunion help. That explanation is, to say the least, futile in the light of defendant's (Sacco) own testimony:

"Q. Mr. Sacco, you ordered the pickets to begin picketing in front of Mr. Angelucci's Hotel on Monday?

"A. Yes, sir.

"Q. And the names of the pickets that were there, Blanche White, is that one of them?

"A. Yes, sir.

"Q. Is she one of the pickets?

"A. That is right.

"Q. Now, the reason for this picketing Mr. Sacco was because these employees were not members of the union and you wanted to organize them as members, didn't you?

"A. Yes, sir."

This same witness later testified that the picketing was advertising but his testimony was contradictory, evasive and confusing; it lacked the quality of conviction essential to support even the theory of defendants.

After examining the testimony and considering the evidence, the court can only conclude that defendants' primary object was to organize plaintiff's employes, and as a means to that end attempted to intimidate and coerce plaintiff into signing the union contract and thus to compel and coerce the employes to join the union against their wills. This is precisely what the Act of June 1, 1937, P. L. 1168, and its supplements prohibited and is so stated by Mr. Justice Horace Stern in the case of Phillips et al. v. United Brotherhood of Carpenters and Joiners of America et al., 362 Pa. 78.

## Conclusions of Law

Where the object of picketing is to force and compel employes to join a labor union and to intimidate and coerce an employer to sign a union contract when his employes have refused to join a union, the picketing is in violation of the Pennsylvania Labor Relations Act of 1937 and the Act of June 9, 1939, P. L. 302.

## Decree Nisi

Now December 30, 1949, it is ordered, adjudged and decreed that defendants, Hotel and Restaurant Employees and Bartenders International Union, Mike Sacco and Blanche White, be enjoined and restrained from: (1) Picketing, patrolling, or interfering in any way with plaintiff or his employes while engaged in the business of plaintiff; (2) from coercing or intimidating plaintiff to sign a union contract; (3) from forcing and compelling plaintiff's employes to join defendants' union; (4) from employing any unfair labor practice. Costs in these proceedings to be paid

by defendants. This decree nisi shall become final unless exceptions thereto be filed within 10 days from the above date.